**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Emmanuel Jara,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-17-01090-PHX-DWL<br><br>**ORDER** |

On September 26, 2019, the Court denied Jesus Emmanuel Jara's Petition for Writ of Habeas Corpus (Doc. 1) and dismissed this action with prejudice. (Doc. 21 at 10.) The Court also granted a certificate of appealability and leave to proceed in forma pauperis on appeal. (*Id.*) The Clerk of Court entered judgment that same day. (Doc. 22.)

On October 16, 2019, Jara filed a motion for extension of time for filing a notice of appeal. (Doc. 23.) Jara stated that he did not receive the Court's September 26, 2019 order until October 2, 2019. (*Id.* at 1-2.) Jara further asserted that he must file a notice of appeal with the Court within 14 days of entry of judgment, which would be October 10, 2019, citing Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure.

As an initial matter, Jara's invocation of Rule 4(b)(1)(A) is misplaced. That rule applies to an appeal in a criminal case. This is not a criminal case—it is an appeal from the denial and dismissal of a habeas corpus petition under 28 U.S.C. § 2254, which is civil in nature. Thus, the applicable rule is Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, which generally provides up to 30 days from entry of judgment to file a notice

of appeal. *See* Rules Governing Section 2254 Cases, Rule 11(b) ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability."). This 30-day period has not expired yet, so there is no need to grant an extension.

Jara also requested, in the alternative, that his motion be treated as a notice of appeal. (Doc. 23 at 3.) This request will be granted. *See, e.g., Rabin v. Cohen*, 570 F.2d 864, 866 (9th Cir. 1978) ("It is well settled that this Circuit adheres to the liberal view by which 'courts of appeals have discretion, when the interests of substantive justice require it, to disregard irregularities in the form or procedure for filing a notice of appeal.' Thus, documents which are not denominated notices of appeal will be so treated when they serve the essential purpose of showing that the party intended to appeal, are served upon the other parties to the litigation, and are filed in court within the time period otherwise provided by Rule 4(a).") (citations omitted). And because the document being treated as the notice of appeal was filed within 30 days of entry of judgment, it was timely under Rule 4(a)(1)(A).

Accordingly,

**IT IS ORDERED** that Jara's motion for extension of time for filing a notice of appeal (Doc. 23) is granted in part (to the extent it sought to treat the motion as a notice of appeal) and denied in part (to the extent it sought an extension of time to file a notice of appeal).

**IT IS FURTHER ORDERED** that the Clerk of Court notify the Clerk of the Ninth Circuit that the appeal must be entered on the docket. The record must be forwarded and filed in accordance with Rules 11 and 12(c).

Dated this 18th day of October, 2019.

Dominic W. Lanza
United States District Judge